UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL W. MAGNER ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                                         **No. 13-192**

**STEPHANIE C. GASKILL ET AL.**                                         **SECTION I**

## ORDER

Before the Court is the motion[1] to transfer venue filed by defendants, Stephanie C. Gaskill et al. Plaintiffs, Michael W. Magner et al., have filed an opposition,[2] and defendants have replied.[3] For the following reasons, the motion is **DENIED**.

The U.S. Code permits a district court to transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The moving party has the burden of showing "good cause" for a transfer by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.' " *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect plaintiffs' choice of venue. *Id.*

When determining whether a transfer is warranted for the convenience of the parties and witnesses and the interest of justice, the Court must consider private and public interest factors. The private interest factors include, " '(1) the relative ease of access to sources of proof; (2) the

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 16.
[3] R. Doc. No. 26.

-1-

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include, " '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.' " *Id.* None of these factors are "of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.2004)).

The parties agree that this lawsuit "might have been brought" in the District of Massachusetts.[4] The sole question before the Court is whether defendants have clearly demonstrated that a transfer is appropriate for the convenience of the parties and witnesses and in the interest of justice. With respect to the "relative ease of access to sources of proof," defendants argue that "it is assumed that the painting and easel are currently" in Massachusetts.[5] They additionally assert that relevant corporate and personal records are located in Massachusetts, but these documents have not been identified. The Court, like the parties, does not know where the painting and easel are located. Moreover, the records referenced by defendants have not been identified. To the extent necessary,

---

[4] R. Doc. No. 10-2, at 6.
[5] *Id.* at 10.

plaintiffs appear willing to travel to Massachusetts.[6] Their willingness to bear the inconvenience suggests the ease-of-access factor does not carry particular strength in this case.

With respect to nonparty witnesses, defendants contend that "it is believed that at least two or three key nonparty witnesses are located in or near Massachusetts."[7] The first of these is the widow of the individual who, shortly before his death, allegedly functioned as a middleman between defendants and the painting and easel's owners.[8] Defendants also state "[i]t is believed that the currently unknown owners of the painting and easel reside in or near Massachusetts," and the owners could be joined as defendants or third-party defendants.[9] Defendants suggest that the Court may lack personal jurisdiction over these individuals. Plaintiffs assert that speculation about these unknown individuals does not support a venue transfer.[10] Plaintiffs additionally argue that they have retained an expert witness whose auction house has sold more than 40 paintings by William H. Buck, a Louisiana artist to whom the painting at issue in this case was attributed, during the last 10 years.[11] Defendants reply that the convenience of expert witnesses should not be considered by the Court.[12]

"If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied . . . ." 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

---

[6]*Id.*
[7]R. Doc. No. 10-2, at 8.
[8]*Id.*
[9]R. Doc. No. 10-2, at 9.
[10]R. Doc. No. 16, at 8.
[11]*Id.* at 12.
[12]R. Doc. No. 26, at 7.

FEDERAL PRACTICE AND PROCEDURE § 3851 (3d ed. 2007). The only identified nonparty witness is the widow, who resides in Massachusetts, but the extent of her knowledge or the importance of her testimony is unclear at this time.[13] With respect to the possible filing of claims against additional parties in the future, these claims are speculative. *See id.* (stating that courts should evaluate a transfer motion based on the posture of the case at the time the motion is filed); *In re Volkswagen AG*, 371 F.3d at 204 (interpreting § 1404(a) to contemplate "the parties and witnesses in all claims and controversies properly joined in a proceeding"). With respect to compulsory process and the cost of witness attendance, once again, the nonparty witnesses are too uncertain at this stage to conclude that a transfer is clearly warranted. Given the uncertainties on which defendants' motion rests, the Court need not consider what weight, if any, to give the potential travel costs for plaintiffs' expert witness.

The public interest factors are mostly neutral in this case. Neither district presents administrative difficulties flowing from court congestion and there is no need to avoid unnecessary problems of conflict of law. The local interests of both districts support maintaining this trial in their respective forums. Because choice of law has not yet been determined, the Court simply notes that both forums are capable of applying Louisiana or Massachusetts law.

Defendants additionally assert several arguments not typically present in the venue transfer framework. First, they argue that plaintiffs are "attempting to use the 1,600 mile distance" between the two districts "as leverage."[14] In support, they cite correspondence including statements such as "we [plaintiffs] fully intend to sue all of you in Louisiana courts unless you immediately perform

---

[13]*See* R. Doc. No. 16, at 10-11.
[14]R. Doc. No. 10-2, at 4.

under the contract and forward us immediately the painting and easel."[15] The Court has reviewed this correspondence and it is satisfied that it does not suggest plaintiffs' choice of venue was designed to unfairly inconvenience defendants or that plaintiffs otherwise engaged in forum shopping. Second, defendants argue that the pending personal jurisdiction motion[16] with respect to Timothy Gaskill would be resolved by a venue transfer. Plaintiffs persuasively respond that the same facts that would undermine personal jurisdiction would undermine any need to maintain Timothy Gaskill as a defendant in the lawsuit or to call him as a witness.[17] The Court agrees that the pending personal jurisdiction motion does not weigh significantly in favor of a venue transfer. Finally, defendants suggest that a venue transfer would avoid the appearance of impropriety. This argument would be relevant to a motion for recusal, but defendants have given no indication they intend to file such a motion.[18] Moreover, defendants do not explain how the structural "relationship" in which this Court has jurisdiction to hear appeals from bankruptcy court decisions by Judge Magner gives rise to the appearance of impropriety.

While venue transfer motions may often require courts to predict or estimate the course of future proceedings, the facts are simply too speculative in this case. With the exception of one individual, who has been identified as a possible relevant witness solely because of her deceased husband's role in the underlying transaction, the Court has not been provided with the names or locations of any nonparty witnesses. Defendants have not carried their burden of showing that a

---

[15]*Id.*
[16]R. Doc. No. 9.
[17]R. Doc. No. 16, at 7-8.
[18]R. Doc. No. 10-2, at 11.

transfer of venue to the District of Massachusetts is clearly more convenient and in the interest of judgment. Accordingly, the Court will respect plaintiffs' choice of venue.

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, April 15, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**